### JAMES BOZEMAN V. THE STATE.

*No. 618.    Decided May 22.*

**1. Rape—Compelling the State to Put a Witness on the Stand.**—On a trial for rape, where the alleged injured party was a little sister of defendant, only 8 years old, and defendant moved the court to require the State to produce and examine the little girl as a witness, which motion was refused by the court, *Held*, that in this particular case there was no error in the ruling.

**2. Same—Impeachment of Witness—Rebutting Evidence.**—On a trial for rape, where there had been a previous examining trial, at which the alleged injured party had testified, and the State having introduced contradictory statements made by her subsequent to said examining trial, *Held*, that it was error for the court to refuse to permit defendant to introduce in evidence the testimony of said witness taken at said examining trial.

**3. Same—Fact Case—Evidence Insufficient.**—See evidence stated in the opinion, adduced on a trial for rape, which is *Held* wholly insufficient to support a verdict and judgment for an attempt to commit rape.

APPEAL from the District Court of Bastrop. Tried below before Hon. ED. R. SINKS.

On an indictment charging him with rape, appellant was convicted of an attempt to rape, his punishment being assessed at two years' imprisonment in the penitentiary.

The material facts are stated in the opinion.

The proceedings at the trial with reference to the other points discussed in the opinion are as follows: The State having rested its case without calling Beulah Bozeman, the alleged injured party, as a witness, she being personally present in court, and no reason having been offered for her nonproduction, defendant moved the court to compel the State to place upon the stand said Beulah Bozeman, and this motion being overruled, defendant excepted. After the State had refused to put Beulah Bozeman on the stand, the defendant introduced and examined her as a witness. The prosecution, on cross-examination, was permitted to ask, for the purpose of impeaching her, the following questions: "Did you not state to W. L. Bailey, the constable at Elgin, on Saturday night, and on the road to Elgin, in the presence of your father, in response to the question asked you by Mr. Bailey, 'Why did you go down in the gully with your brother Jim?' the following: 'I don't want to tell you why.'" To which defendant objected, on the ground that in a prosecution for rape the alleged injured party is of ne-

cessity a State's witness, and the State having failed and refused to introduce said alleged injured party, though specially moved so to do, could not now be heard to impeach said witness; and on the further ground, that the same was hearsay, irrelevant, and immaterial; which objection being overruled, defendant excepted, and thereupon the witness was permitted to state, "I did not so state." Thereupon the State asked the said Beulah Bozeman, "Did you not state to Mr. Bailey, on said occasion mentioned in the above interrogatory, that you took your drawers entirely off that day that this transaction is alleged to have occurred?" To which question the defendant then and there objected, on the grounds stated in the objections to the first question above set out, and the same having been overruled, defendant excepted, and the witness was permitted to state, "I did not so state." Thereupon the State asked the witness the following question: "Did you not state to Mr. Bailey, the constable, on said occasion, in the presence of your father, in response to the question asked by Mr. Bailey, 'What were your brother and Bill Pollard quarreling about?' 'I do not want to tell you.'" To which question defendant objected, for the reasons set out in his objections to the questions above stated, and the same having been overruled, defendant excepted, and the witness said, "I did not so state." Thereafter the State, having introduced the said W. I. Bailey, asked him the following question: "On the Saturday night of the day on which the injury is alleged to have occurred, did you, on the road to Elgin, ask Beulah Bozeman why she went down in the gully with her brother Jim Bozeman that day, and if so, what did she reply?" To which defendant then and there excepted, on the ground that the said Beulah Bozeman was in truth and in fact a witness for the State, and the State could not be heard to impeach her, and on the further ground, that the question and answer propounded to the said Beulah Bozeman were immaterial, and the State was bound by her answer thereto, and on the further ground, that such declarations were hearsay; and these objections having been overruled, the defendant excepted, and the witness was permitted to state: "I asked Beulah Bozeman why she went down in the gully with her brother Jim, and she said, 'I don't want to tell you why.'" The question was then asked the said Bailey, "At the time mentioned, did you ask the said Beulah if she took off her drawers, and if so, what did she reply?" To which question defendant objected, on the ground that Beulah Bozeman, being in reality a State's witness, could not be so impeached; that the same was immaterial, and the State was bound by her answer, and that as to this defendant the same was hearsay and res inter alios acta, which objections having been overruled by the court, defendant excepted, and witness was permitted to state: "She stated to me on that occasion that she did take off her drawers." The question was then asked the said Bailey: "At the time mentioned, did you ask Beulah Bozeman, in the presence of her father, what Bill Pollard and her brother were quarreling about, and if so, what did she reply?" To

which the defendant objected, on the ground that the said Beulah Boze-
man was in reality a State's witness, and could not be so impeached,
that the same was immaterial, and the State was bound by her answer,
and that as to this defendant said transactions were hearsay and res
inter alios acta; which objections having been overruled by the court,
defendant excepted and the witness said: "I asked her that question,
and she said she did not want to tell me." To all of which proceed-
ings defendant then and there excepted. The State having sought to
impeach the alleged injured party, Beulah Bozeman, by proof of con-
tradictory statements made to one Will Bailey, tending to show that she
had stated to him that she had gone down in the gully and had taken off
her drawers, she having denied that she made these statements, the de-
fendant offered to prove her statement made at the examining trial
three days after the alleged occurrence, as corroborative of her state-
ment on the present trial, and for that purpose, offered said statement
as committed to writing, signed and sworn to by the witness, as set
forth in bill of exceptions number 4. The State objected, on the ground
that the statement was irrelevant and immaterial, and the court having
sustained the objection, the defendant excepted.

*Orgain & Garwood,* for appellant.—1. The court erred in refusing
to compel the State, on motion of defendant, to put the alleged injured
female, Beulah Bozeman, as a witness on the stand. Hunnicut v. The
State, 20 Texas Crim. App., 632; Phillips v. The State, 22 Texas Crim.
App., 174; Thompson v. The State, 30 Texas Crim. App., 325.

2. The court erred in refusing to permit the defendant to introduce
the statement of Beulah Bozeman, the alleged injured party, made on
March 13, 1894, three days after the alleged occurrence, the said Beu-
lah Bozeman having been impeached by proof of contradictory state-
ments, and said testimony having been offered for the purpose of cor-
roborating her statements made at the trial hereof, as per bill of ex-
ceptions number 4.

An impeached witness may be corroborated by proof that he made
the same statement at other times as those testified to by him on the
trial, and about which he was impeached. Williams v. The State, 24
Texas Crim. App., 666; Bailey v. The State, 9 Texas Crim. App., 98;
Goode v. The State, 32 Texas Crim. Rep., 505.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried under
an indictment charging him with rape, and was convicted of an at-
tempt to rape, and his punishment assessed at two years in the peni-
tentiary; and from the judgment and sentence of the lower court he
prosecutes this appeal.

It appears from the evidence in this case, that on the evening of
March 10, 1894, four negroes were riding along the public road from

Elgin, in the county of Bastrop, to their homes. About a mile and a half from Elgin, as two of them testify, in a little gully a short distance from the road, in plain view, they discovered a man lying on top of a little girl. They passed on, making some remark about it, and when they had proceeded about fifty yards they rode back. The man was still on the little girl. They upbraided him for his conduct. He got up off the little girl, and buttoned his pants up. The little girl got up, and pulled up her drawers. The man, whom they identify as James Bozeman, the defendant in this case, approached them and an altercation ensued, the defendant cursing and abusing them. One of the parties, Pollard, stated that he would go and report him and have him indicted. The parties separated, three going on towards their homes, and said Pollard going back to Elgin to report the affair; the defendant and the alleged injured party, Beulah Bozeman, his little sister, following on after the three men, going in the direction of his sister-in-law's, which was not far off. This was the State's case.

On the part of the defendant, it was shown that the parts of the little girl were thoroughly examined that night, only a few hours after the alleged occurrence, and no wounds, bruises, or abrasions whatever were found on her privates or about them. The defendant himself testified, that he was on his way to his sister-in-law's, who on that evening was sick, and had gotten him to go to his mother's, who lived about a mile or a mile and a half distant, to get his little sister to come and take care of her baby; that after getting his little sister Beulah, who was 8 years old, while en route back to his sister-in-law's, she had occasion to step aside to answer a call of nature. She went some little distance from the road, and pulled her drawers down, when the negroes came along, and she ran to him, and that this was all that occurred. He denied that he had her down or that he was on top of her. Beulah, who was also on the stand, agreed with his testimony. The proof showed, that the defendant was 19 years old, was about six feet in height, and weighed about 165 pounds; that Beulah was only 8 years old, and small for her age. The doctors testified, that it was impossible for a man of that size to have penetrated even slightly the parts without greatly lacerating and wounding them. The mother of the alleged injured party also testified, that when the little girl came home, and she was informed of the occurrence, she examined the little girl's clothes carefully, and that her clothing or parts showed no indications of anything wrong. It was also shown, that the place of the alleged rape was close by the road, in plain view, the gully being very shallow at that point. A short distance below it was much larger, and would have concealed persons. Besides, in a short distance there were thickets.

The appellant contends, that the court erred in refusing to entertain its motion to require the State to put the witness Beulah Bozeman on the stand, as she was the alleged injured party. While there may be

cases in which such action of the court might be invoked, yet in this particular instance we see no error in the action of the court.

The appellant also contends, that the court erred in refusing to permit the defendant to introduce the statement of Beulah Bozeman, the alleged injured party, made a few days after the alleged occurrence, in the preliminary examination. The State offered evidence in this case, the tendency of which was to impeach the testimony of said Beulah by showing declarations that she made, subsequent to the alleged occurrence, inconsistent with her testimony given at the trial. In such a case it was proper to have admitted the testimony taken before the magistrate in rebuttal of said impeaching testimony, and the court erred in excluding same.

In this case the most material error presented in appellant's assignments is, that the evidence in this case is not sufficient to sustain the verdict. We have heretofore set out all the testimony that is material; and the question that now presents itself for our decision is, does said testimony show an attempt on the part of the appellant to commit rape on the person of the little girl, Beulah Bozeman? According to the testimony of the State's witnesses, the alleged attempt must have been carried on for a considerable space of time, for they saw the persons, according to their statement, in the act some distance (a hundred or two yards) before they got to them. They rode past them, the defendant seeing them at the time; and after they had proceeded some fifty yards, rode back, and he was still engaged in the attempt. There are no indications of any struggle or opposition on the part of the alleged injured party; but evidently, for the space of some minutes, this man, weighing 160 pounds, without opposition, was afforded an unobstructed opportunity to gratify his passions; and to believe that he was seriously attempting to commit a rape on the little girl, and that he left no signs or indications whatever upon her parts, challenges our credulity. Nothing short of a determined attempt to have carnal knowledge of the alleged injured female suffices to constitute this offense, and no matter what else the defendant may have been doing of an improper character, if he was not endeavoring to accomplish the act of carnal intercourse, he could not be convicted of this offense; and leaving out of consideration the denial of the defendant and the witness Beulah, and conceding that the witnesses for the State speak the truth as to the occurrence, and taking their testimony in connection with the testimony of the physicians (which is not gainsaid or denied), we fail to find sufficient evidence to sustain this verdict; and the judgment of the lower court is accordingly reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.